IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WEBSTER SALASKER LUCAS,

    Petitioner,

 -VS-

MATTHEW MARTEL, Warden,

    Respondent.

CASE NO. CV 09-02782-ABC (CT)

ORIGINAL

PETITIONER'S OBJECTION TO THE REPORT AND RECOMMENDATION

Mr. Webster S. Lucas #D-05608
C.R.C. - 311 - 43-Low
P.O. Box 3535
Norco, California, Ca. 92860

Petitioner In Pro Per /

1  Mr. Webster S. Lucas  #D-05608
   C.R.C. - 311 - 43-Low
2  P.O. Box 3535
   Norco, California  92860
3
       In Pro Per /
4

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| WEBSTER SALASKER LUCAS, | ) | |
|---|---|---|
| Petitioner, | ) | CASE NO. CV 09-02782-ABC (CT) |
| -VS- | ) | PETITIONER'S OBJECTION TO THE REPORT AND RECOMMENDATION WITH POINTS AND AUTHORITIES IN SUPPORT THEREOF: |
| MATTHEW MARTEL, Warden, | ) | |
| Respondent. | ) | |

**BEFORE:** Honorable Ms. A.B. Collins and Magistrate, Ms. C. Turchin;

**PETITIONER,** Webster Salasker Lucas , hereby presents his "Objection To The Report And Recommendation" in good faith and admits, denies as follows:

   **1.** That petitioner is entitled to relief as to his ground one;

   **2.** That petitioner is entitled to relief as to his ground two;

   **3.** That petitioner is entitled to withdraw his plea, alternatively ....
petitioner is entitled to an evidentiary hearing.

   In the magistrate's "FACTUAL SUMMARY", pg. 3 to the Report And Recommendation (R&R), it states that "When petitioner was arrested, petitioner was carrying several counterfeit licenses and corresponding social security cards." In this statement, the magistrate is incorrect in that "When petitioner was arrested, no counterfeit licenses were found on petitioner's person, nor any 'cor-

responding social security cards', as the licenses were found inside a locked SUV truck located in the parking structure of the TARGET Store". The magistrate also incorrectly identifies the co-defendant as petitioner's "longtime associate" when in fact the co-defendant is petitioner's sister's son (petitioner's nephew). The magistrate also incorrectly refers to petitioner as a mastermind to the scheme when in fact, the mastermind was a mexican american man who was responsible for printing the credit cards and putting money on the magnetic strip on the reverse side to the cards as well as employ the co-defendant, Lamar, "Chick" and several females. Truth is, petitioner was providing information to a Sheriff detective (Mr. O'Sullivan) in order to bust this operation and contrary to the magistrate's statement regarding petitioner "faults his counsel for harboring a belief that petitioner was guilty and for criticizing petitioner for cooperating with police in an investigation into **another crime** and for advising petitioner not to cooperate".... by this statement, the magistrate attempts to confuse your honor into thinking that 'aside from the instant case', petitioner was 'cooperating with police in an investigation into **another crime**' ..... truth is, the only crime petitioner was assisting the police with was the instant case and as to this case, while petitioner was going through trial proceedings, the case was open and still being investigated[2] (R&R pg. 9). The magistrate incorrectly states that petitioner stated that petitioner pleaded guilty **only** because his trial counsel advised him that the trial judge believed petitioner was a 'con-man', (R&R pg. 7). Truth is, several factors contributed to petitioner coercively accepting the plea offer including the trial counsel made petitioner uncomfortable with his representation when counsel continuously labeled petitioner a 'snitch' and then

---

[2] During trial, the detective O'Sullivan notified the District Attorney and informed him that the case was an ongoing investigation and that the detective had recently busted "Chick" with (35 or more) credit cards and that "Chick" had agreed to assist the detective in catching the mastermind in the West Valley.

2.

told petitioner that he was guilty when petitioner asked him how would he defend petitioner at a trial by jury; this coupled with the fact that counsel came to the holding cell and informed petitioner that "This judge feels that you are a con-man", petitioner knew he would not receive a fair trial in that judge's courtroom despite the fact that the petitioner was being charged with, and expected to defend himself against the charges as they appeared within the FELONY COMPLAINT, (See Exhibit A to the Reply), which clearly states that the felony of **Penal Code Section §470(b)** 'was committed by WEBSTER SALASKER LUCAS, who did unlawfully display, cause and permit to be displayed and possess a driver's license and identification card of the type enumerated in **Penal Code Section §470(a)** with the intent that said document be used to facilitate the commission of a forgery'. The magistrate also is incorrect to state that the petitioner was charged with 'possessing or displaying a license' in that the petitioner provided this court with the FELONY COMPLAINT that contained the charges of which petitioner was to defend himself against, (See Reply, Exhibit "A"). In finality, the magistrate incorrectly states or is implying that the petitioner had counterfeit licenses on his person by carrying a briefcase at the time of his arrest. Truth is, the licenses were found in a locked SUV truck belonging to the co-defendant (Gomez) that was parked in the Target store's parking structure; and the licenses were inside a briefcase inside a white envelope in the side pocket of the briefcase and Gomez gave store security officers permission to search his vehicle and told them about the briefcase.

    Hence, the trial court judge's biased comment could have been confirmed by trial counsel had contact been made to interview counsel regarding this case, **People vs. Wilson**, (1992) 3 Cal. 4th 926, 936. In sum, the fact that the petitioner accepted the FELONY COMPLAINT as true, clearly establishes petitioner's position that he understood that he was being charged with DISPLAYING and possessing the driver's licenses to facilitate a forgery and therefore, these

3.

are the charges that petitioner prepared himself to face in a jury trial. The magistrate states at (R&R pg. 7) that "Petitioner's plea colloquy shows that petitioner pleaded guilty only after adequately consulting with his attorney", this, as explained within petitioner's reply, is incorrect, see Reply pg. two of two [Declaration]. Petitioner hereby incorporates his petition and reply in support of his arguments one, two and three to same, as though fully set forth herein in that petitioner does not intend to re-argue grounds that have been argued, in two different documents, before this court, respectfully.

## CONCLUSION

Based on the foregoing, petitioner prays that this Objection to the report and recommendation be liberally construed to object to every theory resorted to by the magistrate and respectfully asks of this court to remand for a new trial or alternatively allow petitioner an evidentiary hearing.

//
//
//

DATED: October 4, 2009

//
//
//
//
//

Respectfully Submitted,

[signature]
Petitioner In Pro Per /

//
//

4.

***** PROOF OF SERVICE *****

I, <u>Webster Salasker Lucas</u>, certify and declare that I am over the age of (18) years, a party to the within action and a citizen of the United States.

I served the following document(s), <u>OBJECTION TO THE REPORT AND RECOMMENDATION</u>, upon the parties listed below by placing sealed envelopes in the secured institutional mail box here at Norco, California 92860 as follows:

>Mr. David Zarmi
>Deputy Attorney General
>300 So. Spring Street #1702
>Los Angeles, California  90013

I, <u>Webster Salasker Lucas</u>, Swear Under The Penalty Of Perjury That The Foregoing Is True And Correct.

EXECUTED AND DATED THIS <u>4th</u> DAY OF <u>OCTOBER, 2009</u>.

_____
D E C L A R A N T  /